IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JON L.,**[1]<br><br>    Plaintiff,<br><br>v.<br><br>**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**<br><br>    Defendant. | Case No. 6:23-cv-00428-IM<br><br>**OPINION AND ORDER AFFIRMING THE COMMISSIONER OF SOCIAL SECURITY'S DENIAL OF PLAINTIFF'S APPLICATION** |

John E. Haapala, Jr., 401 E. 10th Avenue, Suite 240, Eugene, OR 97401. Attorney for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin C. Danielson, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah Elizabeth Moum, Special Assistant United States Attorney, Office of Program Litigation, Office 7, Office of General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Jon L. seeks review of the final decision of the

Acting Commissioner of the Social Security Administration ("Commissioner") denying his

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

application for Supplemental Security Income ("SSI"). In Plaintiff's telling, the Administrative Law Judge ("ALJ") below improperly "rejected the medical opinion" of his "primary care provider, Dr. Brock Millet, M.D." Plaintiff's Brief ("Pl.'s Br."), ECF 8 at 6. But because substantial evidence in the record supports the ALJ's decision to discount Dr. Millet's opinion, this Court AFFIRMS the decision below.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). "This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

If the evidence is "susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004) (citation omitted). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing

court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (citation omitted).

Under the Social Security Administration's regulations, the "most important factors" for evaluating "the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 416.920c(a); *see Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (recognizing that this regulation supersedes prior contrary Ninth Circuit precedent). "Supportability" means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). "Consistency" means "[t]he more consistent a medical opinion(s) . . . is with evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 416.920c(c)(2).

## BACKGROUND

### A. Plaintiff's Application Process

Plaintiff was born on December 23, 1968. AR 353. When he was fifty-one years old, Plaintiff filed an application for SSI on May 1, 2020, alleging disability since April 9, 2020, largely on the grounds that he suffered from severe spinal and mental health issues. AR 208–09. Plaintiff's application was denied on July 28, 2020 and denied again on reconsideration on March 12, 2021. AR 218, 220–21.

Plaintiff then sought a hearing. AR 271. On November 9, 2021, Plaintiff's case was heard in a telephonic hearing before ALJ Barry O'Melinn. AR 135. About two weeks later, on November 26, 2021, the ALJ issued his decision denying Plaintiff's SSI application. AR 132. The Appeals Council affirmed the ALJ's ruling. AR 1.

B. **The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (Social Security Insurance); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Step three, the only step at issue here, asks:

> 3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953; *see Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 146, n.5.

## C. The ALJ's Decision

At step three, the ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. § 416.967(b) except he can occasionally climb ladders, ropes or scaffolds, and occasionally crawl" and that Plaintiff could "tolerate occasional and superficial contact with the public." AR 141. In reaching this conclusion, the ALJ found that he was "unpersuaded" by the opinion of Plaintiff's treating physician Dr. Brock Millet, M.D. AR 143–44.

In January 2021, Dr. Millet completed a medical source statement as Plaintiff's primary care physician. AR 990–94. At that point, Dr. Millet had been seeing Plaintiff for "a little less than a year." AR 993. Dr. Millet opined that "[t]he patient will have trouble with standing for any length of time and will need to sit down." AR 993. In Dr. Millet's view, Plaintiff would be unable to do "any sort of lifting or bending or stooping or using his hands above his head." AR 993. And the Doctor concluded that "if [Plaintiff] were to have any sort of regular job . . . he would need to take periodic breaks from it and certainly miss more than 16 hours of work per month" due to a series of back and neck injuries. AR 994.

The ALJ discounted Dr. Millet's "overly restrictive" testimony for two key reasons. AR 144. First, in January 2021, Plaintiff had reported "attending medical appointments, going to the courthouse to obtain dog licenses, taking his dogs to the veterinarian, and shopping"—all of which contradicted Dr. Millet's opinion that Plaintiff could only perform sedentary work. AR 144. Second, physical examination results in 2021 showed that plaintiff had "normal gait and muscular development, and 5/5 motor strength of the lower extremities." AR 144.

To be sure, the ALJ did not discount all symptom testimony concerning Plaintiff's health. The ALJ discussed Plaintiff's history of spinal and mental health issues, concluding that while the "impairments adversely affect his ability to function to a degree," Plaintiff's RFC "properly accommodated for" these impairments. AR 143.

PAGE 5 – OPINION AND ORDER

**DISCUSSION**

Plaintiff challenges only the ALJ's decision to discount the testimony of Dr. Millet in determining Plaintiff's RFC. Pl.'s Br., ECF 8 at 6. Plaintiff argues that the ALJ failed to consider that the aforementioned activities—attending medical appointments, visiting the courthouse, taking pets to a veterinarian, and shopping—do not involve "lifting more than ten pounds or standing more than two hours in an eight-hour day." *Id.* at 9. Moreover, Plaintiff contends, the limitations Dr. Millet prescribed were consistent with other medical evidence, including Plaintiff's tendinitis, gait, and spinal issues. *Id.* at 9–10.

Contrary to Plaintiff's arguments, the record contains substantial evidence in line with the ALJ's finding that Dr. Millet's opinion was "overly restrictive in light of the relevant medical evidence of record." AR 144; *see Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) ("[C]onsistency concerns how a medical opinion is consistent with the evidence from other medical and nonmedical sources." (internal quotation marks and citation omitted)). This Court therefore affirms the decision below.[2]

Dr. Millet's opinion contradicted evidence of Plaintiff's performing physical activities. As the ALJ summarized, Dr. Millet opined that Plaintiff "would have trouble standing for any length of time and would need to sit down" and struggle with "any lifting." AR 143; *see* AR 993. But visiting a courthouse, taking pets to a veterinarian, and shopping are activities that typically require moving, standing, and lifting objects—as the ALJ explained, these activities "belie" Dr. Millett's severe assessment. AR 144. And in discussing Plaintiff's symptoms (the focus of Dr. Millet's opinion), the ALJ twice found that Plaintiff had periods where he "spent much of his

---

[2] This Court agrees with Plaintiff that it cannot rely on post-hoc factual findings proposed by Defendant. *See* Plaintiff's Reply ("Reply"), ECF 11 at 2–3. Nonetheless, the ALJ's findings are sufficient for this Court to affirm the decision below under substantial evidence review.

PAGE 6 – OPINION AND ORDER

time gardening and pulling weeds." AR 142–43; *see* AR 467. These activities likewise undercut Dr. Millet's severe assessment of Plaintiff's health. *See Wendt v. Kijakazi*, No. 23-35069, 2023 WL 8542737, at *2 (9th Cir. Dec. 11, 2023) (explaining that courts must "look to all the pages of the ALJ's decision." (quoting *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022))).

Furthermore, the ALJ properly found that Dr. Millet's opinion contradicted other medical opinions and examinations in the record. In reaching this conclusion, the ALJ relied specifically on "physical examination results in 2021." AR 144. Although Dr. Millet believed that Plaintiff could hardly stand at all and that Plaintiff had "significant weakness in his upper extremities," AR 993, he later reported in August 2021 that Plaintiff had "[n]ormal muscular development" and a "[n]ormal gait," AR 1105. And Gregory Sopka, PA, observed in August 2021 that Plaintiff had "5/5" strength in both his left and right tibialis anterior, gastric/soleus, tibialis posterior, and peroneals.[3] AR 1103. This Court thus must defer to the ALJ's conclusion that Plaintiff could stand, walk, and lift objects for some duration of time.

Finally, Plaintiff attempts to shore up Dr. Millet's initial diagnosis by miscasting statements from Plaintiff himself as medical opinions. *See, e.g.*, Pl.'s Br., ECF 8 at 8. For instance, he quotes Louise Cachowski, LPC as stating that Plaintiff would "suffer for several days" after performing basic tasks, Reply, ECF 11 at 3, but in fact, Ms. Cachowski was recounting what Plaintiff told her during a therapy session. AR 1007. Further, Plaintiff quotes Dr. Millet for the proposition that on one occasion Plaintiff's "back 'seized up and caused a terrible amount of pain.'" Reply, ECF 11 at 4 (quoting AR 1157). But Dr. Millet was recording Plaintiff's account of his pain. Since Plaintiff is not challenging the ALJ's decision to discount

---

[3] Plaintiff argues that Mr. Sopka's testing was of only the tibialis anterior, Reply, ECF 11 at 3, but the medical record contradicts this contention, *see* AR 1103.

PAGE 7 – OPINION AND ORDER

the weight of Plaintiff's symptom testimony, *see* AR 142–43, Plaintiff's own statements cannot overcome the record evidence the ALJ cited as undermining Dr. Millet's initial diagnosis.

Accordingly, the ALJ's consistency findings on Dr. Millet's testimony are supported by substantial evidence. Because Plaintiff's appeal solely challenged the ALJ's treatment of Dr. Millet's initial opinion, the decision below must be affirmed.

## CONCLUSION

This Court AFFIRMS the Commissioner's decision denying Plaintiff's SSI application.

**IT IS SO ORDERED**.

DATED this 2nd day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge